UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 12-CR-0211-CVE |
| JOSE MARTIN SIERRA GARCIA, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defense counsel Martin Hart's Motion to Withdraw (Dkt. # 15). Defendant is charged with possession of methamphetamine with intent to distribute, and he faces a statutory mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment. Defendant's counsel filed this motion prior to the change of plea hearing, which was set for January 22, 2013. Before the change of plea hearing, defendant became ill and was taken to the David L. Moss Criminal Justice Center for medical evaluation. The Court held a hearing without defendant present and the only matter addressed was the basis for the motion to withdraw, which was heard in a sealed ex parte proceeding. The Court continued the pretrial/change of plea hearing to January 23, 2013 to ensure that defendant would be present.

Defendant appeared for the January 23, 2013 hearing and he was represented by Martin Hart and J. Lance Hopkins. Defendant appeared to be in extreme distress caused by leg pain, and he was in a wheelchair. The United States Marshal confirmed that defendant had been evaluated at the David L. Moss Criminal Justice Center, and the evaluation was that defendant had not suffered a heart attack and does not have a life-threatening condition. The Court advised defendant of its finding that, based upon the sealed record of the January 22, 2013 ex parte proceeding, the motion to withdraw should be granted. Defendant had no objection to Hart's motion to withdraw.

Therefore, the Court found that Martin Hart's motion to withdraw should be granted, and J. Lance Hopkins was appointed to represent defendant.

Defendant's new attorney, J. Lance Hopkins, has orally requested a continuance of the pretrial and jury trial to allow him adequate time to prepare for a change of plea or jury trial, and defendant has submitted a speedy trial waiver as to a continuance of this matter to the February jury trial docket. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting

an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has considered Hopkins' oral motion to continue the jury trial and finds that it should be granted. Defendant's jury trial was set for January 23, 2013. However, the Court has found that Hart's motion to withdraw should be granted and that Hopkins should be appointed to represent defendant. Hopkins has requested additional time to prepare for a change of plea or jury trial, and this request is reasonable under the circumstances. The Court also takes into account defendant's medical condition, and it does not appear that he is currently able to proceed to trial or make a knowing and voluntary guilty plea without additional medical treatment. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Martin Hart's Motion to Withdraw (Dkt. # 15) is **granted**. Martin Hart is permitted to withdraw as defense counsel, and J. Lance Hopkins is appointed to represent defendant. Hopkins is reminded to submit a CJA Form 20 upon his appointment as defense counsel.

**IT IS FURTHER ORDERED** that Hopkins' oral motion to continue the pretrial and jury trial is **granted**. The pretrial conference is reset for **February 4, 2013 at 10:00 a.m.**, and the jury trial is reset for **February 19, 2013** at **9:15 a.m.** The parties' deadline to submit to submit proposed voir dire, jury instructions, and trial briefs is reset for **February 12, 2013**.

**IT IS FURTHER ORDERED** that the time between January 23, 2013 and February 19, 2013 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 23rd day of January, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE